IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DISCIPLINE OF ) <br> ELLIOTT J. SCHUCHARDT, ) <br> PA ATTORNEY REGISTRATION ) <br> NUMBER 78911, A MEMBER ) <br> OF THE BAR OF THE ) <br> UNITED STATES DISTRICT ) <br> COURT FOR THE WESTERN ) <br> DISTRICT OF PENNSYLVANIA ) | Misc. No. 20-720-MRH |

## ORDER ON MOTION FOR RECONSIDERATION

WHEREAS this Court entered an order on September 22, 2020, reciprocally suspending Attorney Elliott J. Schuchardt ("Schuchardt") for a period of two years, retroactive to December 10, 2019 (ECF No. 4);

WHEREAS on September 28, 2020, Schuchardt filed a Motion for Reconsideration (ECF No. 5) (the "Motion for Reconsideration") in which he contends that it is "legally and morally improper for the Court to enter reciprocal sanctions…where…[he] was not given a full and fair opportunity to litigate the underlying [Tennessee disciplinary] case." (ECF No. 5 at ¶ 5).

WHEREAS, specifically, Schuchardt claims that he "was not given a full and fair opportunity to litigate the underlying Tennessee [disciplinary] case because (i) the Federal Rules of Civil Procedure do not yet apply in federal attorney disciplinary matters; (ii) Schuchardt was denied a hearing in the Tennessee proceeding; (iii) Schuchardt was not given the opportunity to subpoena evidence or call witnesses in the Tennessee proceeding; and (iv) the Tennessee Court has as of this date refused to provide specific allegations of misconduct against Schuchardt," which Shuchardt asserts "are all fundamental requirements of due process." (Id. at ¶ 6); and

WHEREAS, Schuchardt has also filed a Motion for Hearing on the instant Motion for Reconsideration (ECF No. 6);

AND NOW, as a preliminary matter, the Motion for a Hearing (ECF No. 6) is DENIED for the following reasons:

1) The face of the record reflects that Shuchardt's initial Response to the Order to Show Cause in this matter (ECF No. 3) does not include a request for hearing;

2) Even had Schuchardt requested a hearing in his Response, under Local Civil Rule 83.3(D), which governs because the discipline against Schuchardt is reciprocal to the Tennessee Court's December 10, 2019 order of suspension, the scheduling and conduct of any hearing on an attorney's Response to an Order to Show Cause is at the sole discretion of the judges to whom the matter is referred;

3) Local Civil Rule 83.3(B), cited by Schuchardt in his Motion for a Hearing on his Motion for Reconsideration (ECF No. 6 at ¶ 5), does not mandate a hearing on the Motion for Reconsideration because a) that rule does not apply to motions for reconsideration, by its own terms, and b) that rule does not apply to reciprocal disciplinary proceedings, but instead, applies to disciplinary actions originating from a complaint filed or misconduct occurring in this Court; and

4) Schuchardt has submitted no legal authority, binding or persuasive, in support of his assertion that a hearing is required either prior to entry of an order

imposing reciprocal discipline against an attorney, or prior to disposition of a motion for reconsideration of such an order.

IT IS FURTHER ORDERED that the Motion for Reconsideration (ECF No. 5) is DENIED for the following reasons:

1) A motion for reconsideration with respect to a final order or judgment must rely upon one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." Bootay v. KBR, Inc., 437 Fed.Appx. 140, 146-47 (3d Cir. 2011) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A motion for reconsideration is not to be used to relitigate or "rehash" issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003).

2) Schuchardt does not acknowledge this controlling legal standard anywhere in his Motion for Reconsideration, ECF No. 5. The Court, nevertheless, understands that

Schuchardt asserts that this Court made a clear error of law or a mistake, overlooked his prior arguments, and/or caused a manifest injustice by imposing reciprocal discipline against him. Specifically, Schuchardt lists four ways in which he contends that this Court violated his Due Process rights. Supra at 1.

3) Pursuant to this Court's Local Rule "a final adjudication in another Court that an attorney has been guilty of misconduct shall establish conclusively the misconduct for the purposes of a disciplinary proceeding in this Court" unless "upon the face of the record upon which the discipline in another jurisdiction is predicated it clearly appears that:

   a. the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

   b. there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject;

   c. the imposition of the same discipline by this Court would result in grave injustice; or

   d. the misconduct established is deemed by this Court to warrant substantially different discipline." LCvR 83.3(D)(4) & (5).

4) Schuchardt's assertion that the Federal Rules of Civil Procedure did not apply to his Tennessee disciplinary proceedings does not clearly demonstrate, on the face of the Tennessee record, any of the four exceptions listed in Local Civil Rule 83.3(D)(4)(a)-(d):

    a. Schuchardt offers no legal authority in support of his position that his rights were violated because the Tennessee Court did not apply the Federal Rules of Civil Procedure during his disciplinary proceeding; and

    b. This Court is unaware of any binding legal authority requiring that the Federal Rules of Civil Procedure be applied to attorney disciplinary matters in that Court.

5) Schuchardt's assertion that the Tennessee Court did not hold a hearing prior to imposing discipline on him does not clearly demonstrate, on the face of the Tennessee record, any of the four exceptions listed in Local Civil Rule 83.3(D)(4)(a)-(d):

    a. The United States District Court for the Eastern District of Tennessee's Local Rules require that an attorney's response to a disciplinary order to show cause contain "a specific request for a hearing or a statement specifically declining a hearing." ED TN Local Rules, Rule 83.7(e)(4);

    b. Schuchardt's initial response to the order to show cause in Tennessee contained no such statement. In re: Elliott J. Schuchardt, 18-039, ED TN (ECF No. 9);

    c. Schuchardt's supplemental response to the order to show cause in Tennessee contained no such statement. Id., ECF No. 13; and

    d. The Tennessee Court, interpreting its own local rule, found that Schuchardt waived his right to a hearing by failing to include the statement required by its local rules and held that procedural due process

    did not compel it "to grant a hearing after the responded (sic) failed to timely abide by the procedures for doing so." <u>Id.</u>, ECF No. 14 at 1 n.1; ECF No. 22 at 12-13.

6) Schuchardt's assertion that he was not given the opportunity to subpoena evidence or call witnesses in the Tennessee disciplinary proceeding does not clearly demonstrate, on the face of the Tennessee record, any of the four exceptions listed in Local Civil Rule 83.3(D)(4)(a)-(d):

   a. Schuchardt offers no legal authority in support of his contention that his rights were violated because the Tennessee Court did not permit him to subpoena evidence or call witnesses during his disciplinary proceeding.;

   b. Although Schuchardt was entitled to an opportunity to be heard prior to imposition of discipline by the Tennessee Court, Schuchardt was provided, and took advantage of, that opportunity by filing (i) a 56-page response to the Tennessee order to show cause, with more than 350 pages of exhibits attached, <u>In re: Elliott J. Schuchardt</u>, 18-039, ED TN (ECF No. 9), (ii) a supplemental response, which attached an additional 349 pages of exhibits, <u>Id.</u>, ECF No. 13, and (iii) a 30-page objection to the magistrate judge's report and recommendation, with another 30 pages of exhibits attached, <u>Id.</u>, ECF No. 18; and

   c. Before reciprocal discipline was imposed by this Court, Schuchardt was afforded the opportunity to respond to this Court's Order to Show Cause. (ECF No. 1). Schuchardt filed a 15-page response, attaching

the 71-page brief he filed with the Court of Appeals for the Sixth Circuit in his appeal from the Tennessee Court's December 10, 2019 order of suspension.

7) Schuchardt's assertion that the Tennessee Court refused to provide specific allegations of misconduct against him during the Tennessee disciplinary proceeding does not clearly demonstrate, on the face of the Tennessee record, any of the four exceptions listed in Local Civil Rule 83.3(D)(4)(a)-(d):

   a. Although Schuchardt is entitled to notice of specific allegations of misconduct against him prior to the imposition of discipline by the Tennessee Court, the record reflects that Schuchardt was provided such notice;

   b. The Tennessee Court issued a 38-page order to show cause on June 20, 2018, 20 pages of which consist of a section entitled *"Facts for which Mr. Schuchardt must Show Cause why he should not be Sanctioned" Further*. In re: Elliott J. Schuchardt, 18-039, ED TN (ECF No. 3);

   c. Tennessee Bankruptcy Judge Bauknight sent a formal letter of complaint to the chief district judge of the Tennessee Court outlining Schuchardt's history of misconduct before the bankruptcy court, attaching pertinent documents, and asking that the district court institute formal disciplinary proceedings against Schuchardt as a result of his misconduct. Id., ECF No. 4. That complaint letter was provided to Schuchardt. Id., ECF No. 7. The complaint specifically noted that it was based upon "matters of record either by Mr. Schuchardt's conduct

in the courtroom in my presence, out-of-court conduct to which Mr. Schuchardt admitted on the record in court or in papers, or issues arising out Mr. Schuchardt's record filings in cases." Id., ECF No. 4 at 2; and

d. Schuchardt filed a substantive response (Id., ECF No. 9) and supplementary response (Id., ECF No. 13) to the orders to show cause issued by the Tennessee Court's chief judge (Id., ECF No. 7) and bankruptcy judge (Id., ECF No. 3) which, by length and substance alone, dispel his contention in this Court that he did not have notice of the specific allegations of misconduct against him in the Tennessee disciplinary proceedings. In addition:

   i. Schuchardt's response to the Tennessee Court's orders to show cause included 15 pages of factual background and procedural history setting forth an alleged conspiracy against Schuchardt by Bankruptcy Judge Bauknight and the bankruptcy Trustee. Id., ECF No. 9 at 12-28;

   ii. Schuchard's response to the Tennessee Court's orders to show cause included 25 pages of argument countering specific allegations of wrongdoing in 12 bankruptcy cases, identified by case name and number. Id. at 29-53;

   iii. Schuchardt's response included argument in response to accusations that he violated specific Tennessee rules of professional conduct. See e.g., Id. at 36;

      iv.    Schuchardt's supplemental response attached a copy of the 55-page brief he filed when he appealed sanction orders entered by the bankruptcy court to the district court in Tennessee. Id., ECF No. 13.

8) Because none of Schuchardt's four asserted challenges to the December 10, 2019 Tennessee order of suspension "clearly appear[]" on "the face of the [Tennessee disciplinary] record" to be supported by law or fact, the pending Motion for Reconsideration must be denied.

Date: October 15, 2020                                           FOR THE COURT:

                                                                        */s/ Mark R. Hornak*
                                                                        Mark R. Hornak
                                                                        Chief United States District Judge